KING, P.J., for the Court:
¶ 1. Harold Yon Brock (Brock) was found guilty in the Circuit Court of Lee County, Mississippi of possession with intent to distribute cocaine. He was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with five years suspended. Aggrieved by his conviction and sentence, Brock has appealed and raised the following issue:
Whether the trial court abused its discretion by admitting an audio recording without properly authenticating it?
FACTS
¶ 2. On June 10, 1998, Officer Marvis Bostick of the Tupelo Police Department was working with the narcotics task force. He was working with a female informant, who came to him with information regarding a prearranged sale of cocaine with someone named “Harold Brock.” Brock, who resided in Memphis, was to come to Tupelo to visit the informant. The sale was to occur at the house where the informant resided, which was owned by Brock’s mother. Bostick had the informant call Harold Brock and he recorded the conversation setting up the sale. The State offered this recording as evidence at trial.
¶ 3. Brock objected to the admission of the tape as being hearsay and claimed that no proper foundation had been laid for its admission. The court overruled the objection, admitted the tape recording into evidence and allowed it to be played for the jury.
¶ 4. During his testimony, Bostick also identified items found on Brock which included: (1) a crack pipe, (2) a bottle with one rock of crack cocaine, and (3) a plastic bag with three tied-off piles of cocaine. Bostick testified that the tape heard by the jury sounded the same as what he heard when the informant placed the call to a Memphis number to someone called “Brock.”
¶ 5. Officer Treddis Anderson, also with the Tupelo Police Department, testified that he was present when Brock came into the house to see the informant. Officer Anderson identified Brock as the person who arrived at the house with cocaine and was thereafter arrested.
¶ 6. Chuck Bunn with the North Mississippi Narcotics Division assisted in the arrest of Brock on June 10, 1998. He advised -Brock of his constitutional rights and interviewed him. Brock signed the waiver of rights form and afterwards made a statement to the investigators in which he admitted to the possession of cocaine for his personal use.
¶ 7. A forensic drug analyst with the crime laboratory confirmed that the items found on Brock tested positive for cocaine.
¶ 8. Brock testified that he and the informant, whom he had known three months prior to this incident, had a “romantic relationship.” He allowed the informant to live in his mother’s house where the arrest took place. He also acknowledged having talked to the informant on the phone on June 10, 1998.
ISSUE AND ANALYSIS
Whether the trial court abused its discretion by admitting an audio recording without properly authenticating it?
¶ 9. Brock contends that the trial court committed reversible error by admitting into evidence an audio recording of a telephone conversation to prove his intent to distribute cocaine. Brock argues that the tape recording was not properly authenticated pursuant to Rule 901 of the *568 Mississippi Rules of Evidence. Rule 901 in relevant part states:
(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
(b) Illustrations. By way of illustration only, and not be [sic] way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
(1) Testimony of Witness With Knowledge. Testimony that a matter is what it is claimed to be.
[[Image here]]
(5) Voice Identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
(6) Telephone Conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (B) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.
¶ 10. Pursuant to M.R.E. 901, the requirement of authentication or identification is satisfied by evidence which shows the matter is what its proponent claims. One method of doing this is through the testimony of a person having knowledge of the matter. Bostick testified to hearing a call made by the informant to a “Harold Brock.” In the present case, Bostick was able to testify with first hand knowledge of a conversation that the informant had with the person that she called. Bostick made a tape of the conversation between the informant and the person whom she called. Therefore, Bostick could testify that the tape reflected the conversation which he heard between the informant and the person that she had called.
¶ 11. In Brock’s testimony, he admitted to talking with the informant by phone, prior to arriving at his mother’s home in Tupelo. While Brock stated that he did not remember saying anything about a sale during that conversation, his acknowledgment of the conversation was a factor to be considered in determining whether the tape was properly authenticated. When Brock’s testimony is considered with that of Bostick and Anderson, it provided the foundation for authentication.
¶ 12. The relevancy and admissibility of evidence are largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused. Ratliff v. State, 752 So.2d 416 (¶ 11) (Miss.Ct.App.1999). Unless the trial judge’s discretion is so abused as to be prejudicial to a party, this Court will not reverse his ruling. Id. at (¶ 11). This Court finds no substantial prejudice in this case and affirms the ruling of the trial court.
¶ 13. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FIVE YEAR POST-RELEASE SUPERVISION AND FINE OF $5,000 WITH $4,000 SUSPENDED IS AFFIRMED. SENTENCE TO RUN CONSECUTIVELY TO SENTENCE IN LEE *569 COUNTY CR 97-577. ALL COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., concur.